**FAUST, Plaintiff-Appellant, v. CAILOR, Exr. et, Defendants-Appellees.**

Ohio Appeals, Seventh District, Mahoning County.

No. 3847.   Decided April 6, 1956.

Morris Mendelssohn, Youngstown, for plaintiff-appellant.
Earl H. Cailor for Defendant-Appellee, L. M. Cailor, Youngstown.

## OPINION

By PHILLIPS, PJ.

On March 26, 1955, plaintiff filed an action in the court of common pleas to contest the will of Ralph E. Faust, who died December 22, 1954, which will was probated on January 6, 1955, plaintiff having been barred specifically from participating in decedent's estate,

Defendant executor was duly served in person. Defendant, Barbara Jean Faust, sole heir under the will, was served by publication in the Daily Legal News of Youngstown on August 3, 1955, after allegedly concealing herself to avoid personal service attempted on March 29, 1955. No service was had upon defendant within six months after the decedent's will was admitted to probate.

The trial judge overruled defendant-executor's first motion to dismiss plaintiff's action filed on the assigned ground that the trial court had no jurisdiction over the subject matter of plaintiff's petition and for want of service of summons upon defendant, Barbara Jean Faust, within six months, and sustained his motion to quash service of summons upon defendant, Barbara Jean Faust, by the following entry:—

"This day this cause comes on for hearing on motion of L. M. Cailor, Executor to quash service, on consideration thereof the court sustains the same. The plaintiff failed, to make personal service or secure service by publication within six months from the date of probate of the will as required by statute. The saving clause statute, §2305.15 R. C. does not apply in this case."

The trial judge entered judgment accordingly, from which judgment plaintiff appeals to this court on questions of law.

Plaintiff contends that defendant executor voluntarily entered his appearance by filing his first motion without specifically "reserving the appearance of defendant Faust," whom, he alleges, entered a voluntary appearance, which plaintiff claims is equivalent to service of summons; and that the trial judge erred to her prejudice in not overruling the motion to quash service of summons as defendant Faust was in court.

Sec. 2741.09 R. C., formerly §12087 GC, provides:—

"An action to contest a will or codicil shall be brought within six months after it has been admitted to probate, but persons under any legal disability may bring such action within six months after such disability is removed. The rights saved to persons under disability shall not be effective as against a bona fide purchaser for value, a fiduciary who has acted in good faith, or a person delivering or transferring property under authority of a will to an appointed fiduciary or to any other person."

The provisions of this section of the Revised Code are mandatory.

Sec. 2305.17 R. C., provides:—

"An action is commenced within the meaning of §§2305.03 to 2305.22, inclusive, and §1307.08 R. C., as to each defendant, at the date of the summons which is served on him or on a codefendant who is a joint contractor, or otherwise united in interest with him. When service by publication is proper, the action is commenced at the date of the first publication, if it is regularly made.

"Within the meaning of such sections, an attempt to commence an action is equivalent to its commencement, when the party diligently endeavors to procure a service, if such attempt is followed by service within sixty days."

Plaintiff attempted to secure service of summons on Barbara Jean Faust on April 7, 1955, but such attempt was not completed within sixty

days thereafter, as the result of which no service was ever made upon defendant, Barbara Jean Faust.

In the case of Gravier v. Gluth, Exrx. et al, 163 Oh St 232, which we believe controls in this case, the supreme court said:—

"The provisions of the statutes relative to the right to contest the validity of a will are mandatory, and the enjoyment of the right is dependent upon compliance with the conditions and limitations therein contained.

"Under the provisions of §12080 GC, all the devisees, legatees and heirs of the testator, and other interested persons, including the executor or administrator, must be made parties to an action to contest a will.

"Where, in an action to contest a will brought by three heirs at law of the decedent, the petition names as defendants the sole legatee and devisee, the executrix and three other heirs at law but fails to name numerous other heirs at law necessary to the determination of the validity of the will, and no service of process is sought or secured on any of the defendant heirs within six months after the will has been admitted to probate, the addition as plaintiffs of the heirs at law, who are not included in the petition, and the defendant heirs at law, who are not served with summons to the action, after the expiration of the statutory period of limitation, does not confer jurisdiction on the court to hear such contest."

We find nothing in the record warranting the contention of plaintiff that the executor of decedent's estate entered appearance for defendant, Barbara Jean Faust.

The judgment of the court of common pleas is affirmed.

NICHOLS and GRIFFITH, JJ, concur in judgment.